[No. 11371.   Department One.   June 26, 1914.]

RICHARD KLEESATTEL et al., Appellants, v. H. E. ORR et al., Respondents.[1]

PARTNERSHIP—ACCOUNTING BETWEEN PARTNERS — ADVANCES — RE-PAYMENT. Where partners had agreed to own a certain share in a mine, share and share alike, and one of them gave his note in payment therefor, upon an accounting, one-half of the sum, with interest, should be charged to the other partner, and credited to the maker of the note.

Appeal from a judgment of the superior court for King county, Raymond G. Wright, Esq., judge pro tempore, entered May 29, 1912, upon findings in favor of the defendants, in an action for an accounting.   Modified.

Vanderveer & Cummings and Brightman, Halverstadt & Tennant, for appellants.

Dudley G. Wooten, for respondents.

GOSE, J.—Action for accounting between two partners in a mining deal.   The items in dispute require a statement of the following facts:  Plaintiff Richard Kleesattel, a mining engineer, and defendant H. E. Orr, a real estate broker, in May, 1910, purchased, in the defendant's name, an option to purchase a mine in Nevada, the price of said mine being $100,000 payable in deferred installments.   One Hewitt bought one-third of this option contract, agreeing to pay therefor one-third of the contract price of the mine and one-third of the operating expenses, and to carry one-fifth of his share for plaintiff, to be repaid him on demand.   Plaintiff and defendant then agreed, that the latter should sell another third on the same terms as the Hewitt sale; that the remaining third and one-fifth of the other two-thirds should be owned by them in equal shares; that defendant should advance $6,000 if necessary, and more at his option, for the

[1]Reported in 141 Pac. 355.

development of the mine, half of which should be repaid by
plaintiff on demand out of the proceeds of his interest, and
that the two should share and share alike in all the profits
and expenses of the venture. The remaining third was sold
to one Turner and others, but later the purchasers, being
dissatisfied with the management of the mining operations,
demanded a return of the money they had put in. Thereupon
defendant gave them his note for the amount—$5,610.42—
and Mary F. Kleesattel, the wife of plaintiff, as part of the
latter's share, deeded to Orr a lot which realized $1,800. In
August, 1910, defendant secured from the owners of the
mine an agreement to pay him ten per cent commission on
all sales thereafter made. The proceeds of this contract it
was agreed should be divided equally between plaintiff, de-
fendant, and Hewitt. The latter having demanded of plain-
tiff payment of the cost of the one-fifth interest carried by
him, plaintiff gave his note therefor. Plaintiff acted as min-
ing engineer and superintendent in charge of the mine. The
court rendered a judgment for the defendants in the sum of
$4,002.52, as against plaintiff, to be satisfied out of the
dividends upon his mining stock and receipts from the com-
mission agreement heretofore mentioned; and a further ab-
solute judgment of $1,553.31 against plaintiff and the com-
munity composed of plaintiff and Mary F. Kleesattel, his
wife. The latter have appealed.

Appellants complain that the court has credited Orr with
one-half of $1,705.42, advanced by Mrs. Kleesattel to meet
certain expenses, when instead he should have been debited
with one-half, or Kleesattel credited with the full amount.
The court does credit Orr with this one-half, but at the same
time he credits Kleesattel with the same amount; thus offset-
ting the Orr credit and leaving the account as if that sum
had not been mentioned. After finding the amount for which
Kleesattel is absolutely liable to Orr, he deducts therefrom
$852.71, which Kleesattel carried for Orr on that item; thus
making the account correct.

Again, appellants say that the court credited Orr with $5,610.65, the whole of the Turner payment, when Kleesattel paid $1,800 on that item. Counsel overlook the fact that the court's statement is divided into two parts. In order to segregate the contingent from the absolute liability, he first finds what Orr carried for Kleesattel on the whole mine. In doing this he credits Orr with $5,610.65 because he actually put up his note for that amount. By dividing this credit of Orr's in two equal parts, the court finds what Orr was carrying for Kleesattel. In other words, the court really finds that Orr was carrying for Kleesattel on this item $2,805.32. Then the court divides Kleesattel's entire liability in two equal parts and debits him with one-half as contingent liability and one-half as absolute liability, it being admitted that Kleesattel was absolutely liable for one-half of the Turner interest, including expenses chargeable thereto. In the second part of the court's statement, he shows Orr's absolute liability to Kleesattel. This consists of one-half the $1,705.42 item, or $852.71, which Kleesattel carried for Orr, and the $1,800 payment Kleesattel had made on the Turner interest. By deducting the sum of these items from Orr's absolute credit, he finds Kleesattel's absolute liability to Orr. The following statement may show this analysis more clearly:

Amount credited to Orr (excluding items of
$5,610.65 and $852.71) ...................$13,860.94
Amount credited to Kleesattel (excluding items
of $1,705.42 and $1,800) .................  3,461.50
                                           _____
Balance in favor of Orr...................$10,399.44
Amount carried by Orr for Kleesattel exclusive
of Turner payment (½ of above) ...........  5,199.72
Amount carried by Orr for Kleesattel on Turner
payment (½ of $5,610.65 paid by Orr) .....  2,805.32
                                           _____
Total amount carried by Orr for Kleesattel...$ 8,005.04

Contingent liability of Kleesattel to Orr (½ of
    above) ...............................  4,002.52
Absolute liability of Kleesattel to Orr (½ of
    above) ...............................  4,002.52
Absolute liability of Orr to Kleesattel:
    ½ of $1,705.42 payment.........$  852.71
    Part payment on Turner interest..  1,800.00
                         ———————  2,652.71

    Balance ..............................$1,349.81
Items of interest added by the court...........  203.50

    Total absolute liability of Kleesattel to Orr....$1,553.31

As a matter of fact, the court treated the $1,800 and the $852.71 items, not as payments by Kleesattel, but as loans to Orr; hence, credited Orr with them and made him absolutely liable to Kleesattel for their repayment. If these items had been intermingled with the other expenses of the mine, Kleesattel's contingent liability would have been decreased and his absolute liability increased, and Orr would have been relieved of any absolute liability whatever.

The court found it was agreed that Kleesattel should have a reasonable salary for his services as mining engineer, but that no definite amount was fixed; that it was to be paid only upon the success of the mining venture; that such venture was not yet successful, and that he acted in such capacity for ten months. Appellants claim that $300 a month was fixed as the amount of such salary, and that Kleesattel is entitled to a credit of two-thirds of $3,000 on this account. Upon this question, the letters of Orr indicate that Kleesattel was to have a salary, but his oral testimony, as well as the testimony of Hewitt, is in harmony with the findings of the court, as are also Kleesattel's letters to Orr. On July 10, 1910, Kleesattel said among other things, in a letter addressed to Orr: "If I was not sure I could make good here, I would get out mighty quick of this God-forsaken place,

where I work my blamed head off without any salary." He now claims that there had been a verbal arrangement between Orr and himself for him to have a salary, and that Orr's letter to which reference has been made was only confirmatory of the oral agreement. The oral contract upon which he relies, if made, was made before Kleesattel wrote this letter. The testimony is so conflicting that, in the light of Kleesattel's letter, we are not prepared to say that the court did not correctly decide this question.

As we have said, the court found that Hewitt was to carry one-fifth of his interest for Kleesattel, to be paid for by Kleesattel in cash on demand. The court further found that it was agreed between Kleesattel and Orr that the one-fifth interest held by Hewitt for Kleesattel should be owned by Kleesattel and Orr share and share alike. On the 20th day of May, 1911, Kleesattel gave Hewitt his note for $3,182.61 with interest at eight per cent per annum in payment of that interest. One-half of this sum, with interest, should be charged to Orr, and credited to Kleesattel, upon his absolute liability.

In all other respects we adopt the findings of fact and the conclusions of law of the trial court. Aside from the modifications made, we think the trial court reached as nearly a correct conclusion upon the merits as any human tribunal can. We say this in the light of the voluminous record, the conflict between the oral testimony and the letters of both Orr and Kleesattel, both of whom wrote one way and talked another.

The case will be remanded with directions to enter a judgment in harmony with this opinion.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.